```
                  THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

DAVID C. ROCKWELL, et al.     *

          Plaintiffs          *

             vs.              *    CIVIL ACTION NO. MJG-16-0355

UNITED STATES OF AMERICA      *

          Defendant           *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER

The Court has before it the United States' Motion to Dismiss and Motion for Summary Judgment [ECF No. 9] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.   BACKGROUND

In March 2009, Rumsey Road, LLC, a Maryland Limited Liability Company ("Rumsey Road"), executed a promissory note ("the Note") establishing a liability to Plaintiff David C. Rockwell in the principal amount of $450,000.00, to be paid on the maturity date of March 1, 2016.  Interest, at the rate of 6% per annum, was to be paid as follows:

- $27,000.00 on execution of the note.

- $2,250.00 on the first day of each month from April 2010 to March 2016.

As of May 30, 2014, Plaintiffs, David and Kathie Rockwell, had the following unpaid principal balances[1] of assessments outstanding against them:

- § 6672 liabilities, 2008 and 4Q 2010 (Mr. Rockwell only) $317,322.18.

- Form 1040, 2005 (Mr. Rockwell only) $150,563.22.

- Form 1041, 2007, 2010, 2011 (Mr. & Mrs. Rockwell) $295,254.82.

On May 30, 2014, the I.R.S. served a Form 668-W(ICS) "Notice of Levy on Wages, Salary and Other Income" on Rumsey Road with regard to the Rockwell's tax liabilities. The form stated that the levy required Rumsey Road "to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) <u>this taxpayer's other income</u> that you have now or for which you are obligated.[2] Mot. Ex. B, ECF No. 9-4 (emphasis added).

In response, Rumsey Road paid the I.R.S. the $2,250.00 of interest then owed and stated[3] that additional checks in that amount would be sent monthly.[4]

---

[1] Plus interest.
[2] Another levy was served with regard to the principal due on the Note.
[3] By Norman E. Rockwell.
[4] Such monthly payments were made through the March 1, 2016 maturity date.

On or about November 20, 2014, Plaintiffs filed an Offer in Compromise, Form 656, proposing to settle all their tax liabilities for a total payment of $150,000.00 of which $6,250.00 was paid with the offer and the balance of $143,750.00 was to be paid from the principal of the Note[5] when paid.  The I.R.S. returned the Offer in Compromise by letter of April 23, 2015, stating the following reasons for the return:

- The initial payment made was less than 20% of the offered amount.

- The offer was made in regard to two types of tax liabilities whereas separate offers were required for each type.

- The source of the offered payment was identified as the principal debt due on the Note, but that asset was already subject to an outstanding levy.

Mot. Ex. C, ECF No. 9-5.

Plaintiffs have filed the instant suit presenting claims in three Counts:

1. Violation of I.R.C.[6] § 7122 (Compromises)
2. Violation of I.R.C. § 6331 (Levies)
3. "Improper Treatment of Levy on Fund Restricted by Promissory Note"
4. There is no Fourth Count.
5. Attorneys' Fees and Costs

Compl., ECF No. 1.

---

[5] Already subject to an outstanding levy.
[6] I.R.C. references are to Title 26 U.S.C.

By the instant motion, the Government seeks dismissal of Count One pursuant to Rules[7] 12(b)(1) and 12(b)(6), summary judgment on Counts Two and Three pursuant to Rule 56, and denial of the request for an award of fees and costs.

## II. DISMISSAL/SUMMARY JUDGMENT STANDARD

### A. Dismissal

#### 1. Rule 12(b)(6)

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v.

---

[7] All "Rule" references herein are to the Federal Rules of Civil Procedure.

4

Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

2.  Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a court's jurisdiction to hear the matter brought by a complaint. See Davis v. Thompson, 367 F. Supp. 2d 792, 799 (D. Md. 2005). It is well established that "[t]he burden of proving subject matter jurisdiction on a [Rule 12(b)(1)] motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

B.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted if the pleadings and supporting documents "show[] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

III. <u>DISCUSSION</u>

    A.   <u>Count One</u>

        1.   <u>Jurisdiction</u>

In the Response to the instant motion,[8] Plaintiffs assert that this Court has jurisdiction over their Count One claim by virtue of I.R.C. § 7433. In this Count, Plaintiffs seek relief due to the I.R.S.' allegedly wrongfully returning – without formally rejecting – their Offer in Compromise.[9]

The United States is immune from suit except to the extent it has consented to subject itself to jurisdiction of a court. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990).

I.R.C. § 7433 is a statutory waiver of sovereign immunity. This statute authorizes a suit against the United States if an I.R.S. employee recklessly, intentionally, or negligently disregards the Internal Revenue Code or its associated regulations "in connection with any collection of Federal tax." § 7433(a). However, an I.R.S. rejection or return without processing an Offer in Compromise is not an action that is taken "in connection with" the collection of tax. See <u>Shaw v. United States</u>, 20 F.3d 182, 184 (5th Cir. 1994)("to prove a claim for improper collection practices, the taxpayer must demonstrate

---

[8] Plaintiffs did not allege a jurisdictional basis in the Complaint.
[9] Plaintiffs assert that a rejection would have enabled them to pursue an administrative appeal of the denial of the offer.

6

that the IRS did not follow the prescribed methods of acquiring assets.").

### 2. Adequacy of Pleading

Even if I.R.C. § 7433 were to provide jurisdiction for a reckless, intentional, or negligent return or rejection of an Offer in Compromise, Plaintiffs have not alleged a factual basis for a plausible claim.

First, I.R.C. § 7433 does not provide for a cause of action as Plaintiffs claim. "Since compromising tax liabilities is purely discretionary, even if the IRS had summarily rejected plaintiffs' offer, [this action] would not give rise to a claim for intentional or reckless violation of the Code." Addington v. United States, 75 F. Supp. 2d 520, 524 (S.D.W. Va. 1999).

Second, as in Addington, the I.R.S. did not summarily reject this offer. Rather, the April 23, 2015 I.R.S. letter[10] provided for a resubmission after correction of the defects stated in the letter.

Third, Plaintiffs have not alleged facts presenting a plausible claim that failure to process the Offer in Compromise was by any means unjustified. In addition to the absence of a

---

[10] The genuineness of the letter was agreed upon at the motion hearing.

7

20% down payment,[11] the Offer in Compromise was defective because it pertained to separate types of tax liabilities and, perhaps most significantly, called for payment from an asset upon which the I.R.S. had already levied.

Finally, Plaintiffs presented no plausible ground to believe that they would have succeeded on an administrative claim based on the Offer in Compromise.

In sum, Plaintiffs have not established jurisdiction for their Count One claim and, if there were jurisdiction, the claim is not adequately pleaded.

### B.   Count Two

In Count Two, Plaintiffs seek to assert a claim for violation of I.R.C. § 6331, alleging that there was an impermissible continuing levy because the interest payments were not "salary or wages."  Complaint ¶ 26.  The assertion is baseless.

The levy sought "wages, salary and _other income_."  Mot. Ex. B, ECF No. 9-4 (emphasis added).  The interest due under the Note was income other than salary and wages, _i.e._, other income.

"An IRS levy is generally a one-time occurrence rather than a continuing event, seizing property in existence at the time

---

[11] That could have been waived.

the levy is served." Bowers v. United States, 861 F. Supp. 2d 921, 923 (C.D. Ill. 2012), aff'd, 498 F. App'x 623 (7th Cir. 2012) (citing I.R.C. §§ 6331(a) and (b)). "However, a one-time levy may seize a future stream of payments if the taxpayer's right to the payments is fixed and determinable without any requirement for the provision of future services." Id. (citing Treas. Reg. § 301.633-1; Rev. Rul. 55-210). See also Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 560 (5th Cir. 1997) (finding that a stream of annuity payments was properly remitted to the I.R.S. in response to a one-time levy).

The right to the interest income stream was fixed by the Note. Therefore, the single levy validly attached future payments.

The Government is entitled to summary judgment on Count Two.

### C. Count Three

Plaintiffs claim in Count Three was "explained" at the motion hearing. As best can be understood, Plaintiffs' counsel seem to contend – with no supporting facts, authority or persuasive rationale – that since, at the time of the levy, Rumsey Road could obtain a loan at less than 6% interest, the interest payments required by the Note were invalid. This

9

appears to be based upon the concept that, despite the terms of the Note, Rumsey Road did not owe Mr. Rockwell the $2,250.00 monthly interest payments.  Hence, it is contended, the I.R.S. wrongfully obtained the interest payment remitted in response to the levy.

Plaintiffs have presented no evidence that would permit a reasonable jury to find that Mr. Rockwell did not, at the time of the levy, have a legal right to the interest payments.  The I.R.S., of course, succeeded to that right by virtue of the levy.  While Mr. Rockwell may have been able to choose to waive his right to interest payments, the I.R.S. was entitled to assert it.

Furthermore, even if, for some reason, the I.R.S. had obtained by levy a $2,250.00 payment that Rumsey Road was not required to make, Plaintiffs would have no claim against the I.R.S.  Rather, Rumsey Road would have a claim for wrongful levy[12] that would be within the jurisdiction of this Court if timely[13] filed and, of course, if it had any plausible merit.  Moreover, Plaintiffs present no basis to find that if Mr.

---

[12] "If a levy has been made on property or property has been sold pursuant to a levy, and any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."  I.R.C. § 7426(a)(1).
[13] See I.R.C. § 6532(c).

10

Rockwell chose to pay Rumsey Road the $2,250.00 paid the I.R.S., that payment would result in his obtaining Rumsey Road's right to bring a wrongful levy action.

The Government is entitled to summary judgment in regard to Count Three.

D.   Count Four

There is no Count Four in the Complaint.

E.   Count Five

In Count Five, Plaintiffs seek costs and legal fees pursuant to I.R.C. § 7430(a).  This statute provides for an award of costs, including legal fees, for a prevailing party. Plaintiffs are, by no means, prevailing parties.

IV.   CONCLUSION

For the foregoing reasons:

1.  The United States' Motion to Dismiss and Motion for Summary Judgment [ECF No. 9] is GRANTED.

2.  Judgment shall be entered by separate Order.

SO ORDERED, this Tuesday, August 02, 2016.

                                   _____/s/_____
                                       Marvin J. Garbis
                                   United States District Judge